IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OBADIAH LEVI FONTAINE,　　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　　　　Plaintiff,　　§
　　　　　　　　　　　　　　　　§　Civil Action No. 3:11-CV-2400-D
VS.　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
SPORT CITY TOYOTA,　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　　　　Defendant.　§

MEMORANDUM OPINION
AND ORDER

Plaintiff's motion to vacate, modify, or correct an arbitration award presents the

question whether he has satisfied his onerous burden to prove evident partiality.  Concluding

that he has not, the court denies the motion.

I

Plaintiff Obadiah Levi Fontaine ("Fontaine") was terminated from his employment

as a sales representative for defendant John Eagle Sport City Motors, LLC, d/b/a John Eagle

Sport City Toyota ("Sport City"), and he sued Sport City under Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, alleging discrimination based on

religion.  Because Fontaine had agreed to binding arbitration, the court granted Sport City's

motion to compel arbitration and ordered the parties to arbitrate the dispute.  The arbitrator

concluded that Fontaine had established a *prima facie* case of religious discrimination, but

that he had not carried his burden of proving that Sport City's legitimate, nondiscriminatory

reasons for terminating him were pretextual, or that Fontaine's religion was a motivating

factor for his termination.  The arbitrator therefore ruled against Fontaine on his Title VII claim.

Fontaine moves to vacate, modify, or correct the arbitration award, contending that the arbitrator displayed evident partiality toward Sport City during the arbitration proceeding. *See* 9 U.S.C. § 10(a)(2).[1]  Sport City opposes the motion.

## II

Review of an arbitration award is "exceedingly deferential."  *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 548 (N.D. Tex. 2006.) (Fitzwater, J.) (citing *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004)).  When the Federal Arbitration Act applies, as here, the court will set aside an arbitration award "'only in very unusual circumstances.'"  *Fountoulakis v. Stonhard, Inc.*, 2003 WL 21075931, at *4 (N.D. Tex. May 9, 2003) (Fitzwater, J.) (quoting *Williams v. CIGNA Fin. Advisors Inc.*, 197 F.3d 752, 757 (5th Cir. 1999)).  Courts "must" confirm the arbitration award unless there is a ground for correction, modification, or vacatur under 9 U.S.C. §§ 10(a) or 11.  *See Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (holding there are no longer nonstatutory grounds for vacating arbitration awards).  Section 10(a), which prescribes the grounds for vacating an arbitration award, "does not provide for vacatur of an arbitration award based on the merits of a party's claim," and thus the court "do[es] not have

---

[1]Fontaine actually submitted a "letter" to the court.  P. Mot. 1.  Because Fontaine is proceeding *pro se*, the court will construe the letter as a motion to vacate, modify, or correct the arbitration award.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (citation and internal quotations omitted).

authority to conduct a review of an arbitrator's decision on the merits." *Householder Grp. v. Caughran*, 354 Fed. Appx. 848, 851 (5th Cir. 2009) (per curiam) (citing *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 357 (5th Cir. 2004), *overruled on other grounds by Bacon*, 562 F.3d 349).  "'The court may not vacate the [arbitrator's] award based on mere errors in interpretation or application of the law, or mistakes in factfinding.'" *Weber*, 455 F.Supp.2d at 549 (quoting *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 726 (N.D. Tex. 1997) (Fitzwater, J.)).  "The court must resolve any doubts or uncertainties in favor of upholding the award." *Id.* (citing *Brabham*, 376 F.3d at 385 n.9).  "By consenting to arbitration, parties exchange 'the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'" *Mantle*, 956 F. Supp. at 726 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).  "The question the court asks is 'whether the arbitration proceedings were fundamentally unfair.'" *Weber*, 455 F.Supp.2d at 549 (quoting *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990)).

III

Fontaine moves for relief from the arbitration decision on the ground that the arbitrator displayed evident partiality.  He relies on the following actions by the arbitrator as proof of bias: (1) granting Sport City's request for an extra six months to prepare for the hearing; (2) refusing to allow Fontaine's wife to be admitted to the hearing room to assist him with his case; (3) socializing with Sport City's representatives and attorneys during breaks in the proceeding; and (4) distorting evidence to favor Sport City.

- 3 -

A

"[E]vident partiality or corruption in the arbitrators" is a ground for overturning an arbitration award. 9 U.S.C. § 10(a)(2). To establish evident partiality on the ground on which Fontaine relies, he must demonstrate that the arbitrator displayed "actual bias at the arbitration proceeding." *Weber*, 455 F.Supp.2d at 549. The court uses an objective standard to determine whether there was actual bias. *Id.* at 550. "To establish evident partiality based on actual bias, the party urging vacatur must produce specific facts from which 'a reasonable person would have to conclude that the arbitrator was partial to one party.'" *Householder Grp.*, 354 Fed. Appx. at 852 (quoting *Weber*, 455 F.Supp.2d at 550). "The alleged partiality must be direct, definite, and capable of demonstration rather than remote, uncertain or speculative." *Weber*, 455 F.Supp.2d at 550 (internal quotations, brackets, and citations omitted). Evident partiality means bias that is "'clearly evident in the decisionmakers.'" *United Forming, Inc. v. FaulknerUSA, LP*, 350 Fed. Appx. 948, 950 (5th Cir. 2009) (per curiam) (quoting *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 281 (5th Cir. 2007) (en banc)). Fontaine bears the burden of proof because he is the party moving to vacate the arbitration award. *See Weber*, 455 F.Supp.2d at 549. The burden of proof to show evident partiality is "'onerous.'" *Householder Grp.*, 354 Fed. Appx. at 852 (quoting *Weber*, 455 F.Supp.2d at 550).

B

Fontaine has failed to demonstrate that a reasonable person would have to conclude that the arbitrator was partial to Sport City. Partiality is an onerous burden, and courts rarely

find evident partiality without the arbitrator's having a business relationship or other interest relating to one of the parties.  *Compare Swenson v. Bushman Inv. Props., Ltd.*, ___ F.Supp.2d ___ , 2012 WL 1488346, at *15 (D. Idaho Apr. 27, 2012) (holding there was no showing of evident partiality despite arbitrator's "sobbing" after opposing witness' testimony and stepping down from bench to shake another witness' hand) *and InterChem Asia 2000 Pte. Ltd. v. Oceana Petrochemicals AG*, 373 F.Supp.2d 340, 348 (S.D.N.Y. 2005) (holding there was no showing of evident partiality despite arbitrator's commenting on party's "bad behavior," referring to party's attorney as "bitter and irresponsible," and denying party's right to stenographer, among other things) *with Stroehmann Bakeries, Inc. v. Local 776, Int'l Bhd. of Teamsters*, 969 F.2d 1436, 1446 (3d Cir. 1992) (upholding finding of evident partiality where arbitrator of sexual harassment claim criticized plaintiff for being overweight, unattractive, and lacking social life).

In the present case, the arbitrator's decision to extend the time for Sport City to prepare for the hearing does not demonstrate evident partiality because scheduling extensions are regularly granted and there is no evidence of an improper motivation underlying the decision.  *See Weber*, 455 F.Supp.2d at 550 ("Even repeated rulings against one party to the arbitration will not establish bias absent some evidence of improper motivation." (citation omitted)).  Fontaine likewise has not shown that the arbitrator had an improper motive in refusing to allow his wife to attend the hearing in order to assist him.

Fontaine's complaint that the arbitrator socialized with Sport City's representatives and attorneys during breaks in the proceeding is also insufficient.  Friendly conversation and

- 5 -

socializing is generally insufficient to demonstrate partiality.  *See, e.g., Ohlfs v. Charles Schwab & Co.*, 2012 WL 202776, at *5 (D. Colo. Jan. 24, 2012); *Mandell v. Reeve*, 2011 WL 4585248, at *10 (S.D.N.Y. Oct. 4, 2011); *Austin S. I, Ltd. v. Barton-Malow Co.*, 799 F. Supp. 1135, 1143 (M.D. Fla.1992); *Drexel Burnham Lambert Inc. v. Pyles*, 701 F. Supp. 217, 220 (N.D. Ga. 1988).  Fontaine avers that "during breaks the arbitrator enjoyed socializing with the defendant and their attorneys like they were at some upscale country club."  P. Reply Br. 15.  An arbitrator's conduct during breaks in a proceeding that appears to take the form of "socializing" may naturally occur because an arbitration proceeding is less formal than a court proceeding.  Although arbitrators should "strive to treat all parties equally and to avoid any perception of partiality," Fontaine has failed to show, based on his personal, subjective perception of the socializing, that the arbitrator was evidently partial.  *See Ohlfs*, 2012 WL 202776, at *5.

Fontaine's contention that the arbitrator distorted the evidence in favor of Sport City appears to be an argument about the merits of his underlying Title VII claim.  This court has no authority to review an arbitrator's award on the merits, or to vacate the award for mistakes in factfinding.  *See, e.g., Householder Grp.*, 354 Fed. Appx. at 852.  To demonstrate evident partiality, Fontaine must show more than that the arbitrator ruled against him.

\*   \*   \*

Because Fontaine has not met his onerous burden of demonstrating evident partiality,

the court denies his motion to vacate, modify, or correct the arbitration award.

**SO ORDERED**.

December 3, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE